FILED

2008 Apr-08  PM 02:59
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION**

| | |
|---|---|
| **THE AUTOMOBILE INSURANCE CO. OF HARTFORD,** ) ) ) | |
| **Plaintiff,** ) ) | |
| ) | **Case No.: 2:06-CV-4756-VEH** |
| **v.** ) ) | |
| **JOHN OBERT and MOLLYWICKSTROM,** ) ) ) | |
| **Defendants.** ) ) | |

---

## MEMORANDUM OPINION

This insurance subrogation case is before the court on motions for summary judgment filed by defendants John Obert (doc.32) and  Molly Wickstrom (doc. 33), the only remaining defendants in this case.   Upon consideration of the record, the submissions of the parties, and the applicable law, the court finds that both motions are due to be granted.   A separate order in conformity with this Memorandum Opinion will be entered contemporaneously herewith.

## JURISDICTION

Subject matter jurisdiction of this case exists under 28 U.S.C. § 1332(a), diversity of citizenship.   Plaintiff The Automobile Insurance Co. of Hartford,

Connecticut (Hartford) is a corporation incorporated under the laws of Connecticut, and defendants John Obert (Obert) and Molly Wickstrom (Wickstrom) are citizens of Alabama.  The amount in controversy exceeds $75.000, exclusive of interests and cash.

## Summary Judgment Standard of Review

Under Fed. R. Civ. P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  See *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000).  The party seeking summary judgment always bears the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrate the absence of a genuine issue of material fact.  *Celotex*, 477 U.S. at 323.  Once the moving party has met its burden, Rule 56(e) requires the non-moving party to go beyond the pleadings and by its own affidavits, the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that  genuine issue for trial exists.  *Celotex*, 477 U.S. at 324.

The substantive law identifies which facts are material and which are irrelevant. *Chapman*, 229 F.3d at 1023; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. *Chapman*, 229 F.3d at 1023; *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248; *Chapman*, 229 F.3d at 1023. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Anderson*, 477 U.S. at 249.

The method used by the party moving for summary judgment to discharge its initial burden depends on whether that party bears the burden of proof on the issue at trial. See *Fitzpatrick*, 2 F.3d at 1115-17 (citing *U.S. v. Four Parcels of Real Property*, 941 F.2d 1428 (11th Cir. 1991)(*en banc*)). If the moving party bears the burden of proof at trial, then it can only meet its initial burden on summary judgment by coming forward with positive evidence demonstrating the absence of a genuine issue of material fact; i.e. facts that would entitle it to a directed verdict if not controverted at trial. *Fitzpatrick*, 2 F.3d at 1115. Once the moving party makes such a showing, the burden shifts to the non-moving party to produce significant, probative evidence demonstrating a genuine issue for trial.

If the moving party does not bear the burden of proof at trial, it may satisfy its initial burden on summary judgment in one of two ways.  First, the moving party may produce affirmative evidence negating a material fact, thus demonstrating that the non-moving party will be unable to prove its case at trial.  Once the moving party satisfies its burden using this method, the non-moving party must respond with positive evidence sufficient to resist a motion for directed verdict at trial.

The second method by which the moving party who does not bear the burden of proof at trial may satisfy its initial burden on summary judgment is to <u>affirmatively</u> show the absence of any evidence in the record in support of a judgment for the non-moving party on the issue in question.  This method requires more than a simple statement that the non-moving party cannot meet its burden at trial but does not require evidence negating the non-movant's claim; it simply requires the movant to point to an absence of evidence to support the non-moving party's case.  *Fitzpatrick*, 2 F.3d at 1115-16.  If the movant meets its initial burden by using this second method, the non-moving party may either identify evidence in the court record, overlooked or ignored by the movant, sufficient to withstand a directed verdict, or the non-moving party may come forward with additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency.  However, when responding, the non-movant can no longer rest on mere allegations but must set forth

evidence of specific facts.  *Lewis v. Casey*, 518 U.S. 343 (1996) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

This case arises out of a house fire at the Birmingham, Alabama, property of Hartford's insureds Henry and Jodi Lambert on November 28, 2004.  The Lamberts were not living in the residence at the time of the fire.  Teenagers, including defendants Obert and Wickstrom, had met in the basement rooms of this house on more than one occasion.  Underage drinking, pot smoking, and some destruction of the property (e.g., striking the walls with a golf club, breaking a fluorescent light fixture with a golf club) took place at the house in the week preceding the fire. Wickstrom depo. pp. 12, 15-20; Obert depo, pp. 10-24, 30-39.  Ms. Wickstrom testified in deposition that she was not present on the Lambert property on November 28, 2005, as did Mr. Obert.  Wickstrom depo., p. 12; Obert depo. pp. 39-43.  The record is totally devoid of evidence that either defendant Obert or Wickstrom was present in the house on the day of the fire.  Further, the site was inspected by more than one inspector, and the cause of the fire was never determined.  St. Paul's Investigation Report, Wickstrom's Motion for Summary Judgment, Ex. 4 (indexed as Ex. 4 and tabbed as exhibit D in submissions to court) and Ex. 8 (indexed as 8 and tabbed as exhibit H in submissions to court), Investigative Report of Jeff Crain, Crain

Massengale, Inc., Technical Investigations. Hartford's allegation in its amended complaint that "the fire was initially ignited by oil from a lamp that was broken by the Defendants" is totally without support as to defendants Obert and Wickstrom. Quote from Amended Complaint ¶ 15, doc. 16.

Because this case is a diversity case, the court is bound by the substantive law of Alabama, the state in which the alleged harm occurred. In the instant case, the plaintiff alleges that these defendants negligently caused the house fire at issue. Under the law of Alabama, the plaintiff in a negligence case must prove that the defendant owed the plaintiff a duty which the defendant breached, proximately causing injury to the plaintiff. *Martin v. Arnold*, 643 So. 2d 564, 567 (Ala. 1994).

In the instant case, the plaintiff has completely failed to proffer evidence establishing any of the elements of negligence. No evidence of record raises any issue of material fact as to whether defendants Obert or Wickstrom were on the property the day of the fire. Without establishment of a material issue of fact regarding their presence on the property, no question of duty or its breach even arises.

The plaintiff's evidence links conjecture to conjecture to reach its desired, but unsubstantiated, conclusion. According to Hartford, because defendants Obert and Wickstrom had previously been on the property they were, *a fortiori,* on the property the day of the fire and caused the fire and the resulting damages. This argument fails

as a matter of logic and, as pointed out with specificity by Obert and Wickstrom, this argument is entirely unsubstantiated by the record.

Defendants Obert and Wickstrom have met their initial burden of proof  by pointing to an absence of evidence in the record to support the plaintiff's case and, in response, the plaintiff has failed to identify evidence of record or to adduce additional evidence sufficient to withstand a directed verdict at trial.  The plaintiff has rested on mere allegations and failed to proffer evidence of specific facts to support its claim.  Accordingly, the motions for summary judgment of both defendant Obert and Wickstrom are due to be granted.   *See, Lewis v. Casey*, 518 U.S. 343 (1996); *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112 (11th Cir. 1993).

A separate order in conformity with this Memorandum Opinion will be entered contemporaneously herewith.

**DONE** and **ENTERED** this 8th day of April, 2008.

**VIRGINIA EMERSON HOPKINS**
United States District Judge